I,WILLIAMS, Judge.
This appeal arises from a lawsuit for indemnification filed by R & B Construction and Properties, Inc. (“R & B”) against Louisiana Workers’ Compensation Corporation, Inc. (“LWCC”) and its insured, Joseph Russ (“Russ”) [1] after R & B was *1287 ordered to pay workers’ compensation benefits to Steve Balsamo (“Balsamo”). R & B appeals the district court’s grant of summary judgment in favor of LWCC. For the following reasons, we affirm.

FACTS AND PROCEDURAL HISTORY

In 1996, R & B contracted to participate in the construction of eight triplexes and a car wash in Bastrop, Louisiana. R & B’s president, Russ, hired- Balsamo to pour concrete for R & B for the car wash and a parking lot. By June 12, 1997, Balsamo’s work for R & B on the car wash and the parking lot was terminated. On July 2 and 3, 1997, Russ hired Balsamo to pour concrete for Russ’ new home on his private property. On July 2, 1997, Balsamo allegedly injured his back and knee while he was working at Russ’ home.
On October 13, 1998, Balsamo filed a claim for benefits with the Office of Workers’ Compensation. Thereafter, the workers’ compensation judge (“WCJ”) entered a judgment against R & B. The WCJ found that R & B was Balsamo’s statutory employer and awarded Balsamo benefits.[2] R & B entered into a compromised settlement with Balsamo in December 1999 for $24,600.
13This suit for indemnification was filed by R & B against LWCC and its insured, Russ, on October 30, 1998. Both R & B and LWCC filed motions for summary judgment. After a hearing on the motions, the court requested additional briefs on the issues of statutory employment and indemnification. Thereafter, the district court granted summary judgment in favor of LWCC, finding that R & B was not entitled to indemnification from LWCC as no statutory employment relationship was established. R & B now appeals.

DISCUSSION

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file together with affidavits, if any, show that there is no genuine issue of material fact, and that mover is entitled to judgement as a matter of law. LSA-C.C.P. art. 966(B). The mover has the burden of establishing the absence of a genuine issue of material fact. If the mover will not bear the burden of proof at trial on the matter, then he is required to point out to the court the absence of factual support for one or more elements essential to the adverse party’s claim or action. LSA-C.C.P. art. 966(C)(2).
The party opposing summary judgment cannot rest on the mere allegations of his pleadings, but must show that he has evidence which could satisfy his evidentiary burden at trial. If he does not produce such evidence, then there is no genuine issue of material fact and the mover is entitled to summary judgment. Article 966(C)(2). Appellate courts review summary judgments de novo under the same criteria that govern the district |scourt’s consideration of whether summary judgment is appropriate. NAB Natural Resources v. Willamette Industries, Inc., 28,-555 (La.App.2d Cir.8/21/96), 679 So.2d 477.
In R & B’s motion for summary judgment, it argued that Russ intended to have the insurance policy issued on behalf of R & B. R & B also argued that a statutory employment relationship existed between R & B, Russ and Balsamo because Russ, the president of R & B, hired Balsamo to do work for R & B and work on his private property at a time when the only work Russ was performing was overseeing R & B construction projects. However, at a *1288 hearing on the parties’ motions for summary judgment, R & B conceded the insurance policy argument and retained the statutory employment argument. After the hearing, the trial court requested additional briefs on the applicability of statutory employment and indemnity to the facts of this case. In its post trial brief, R & B conceded the statutory employment argument and failed to assert any other ground upon which it based its claim for indemnity-
In its post trial brief, LWCC argued that no statutory employment relationship existed because there was no contract between R & B and Russ for the work that was performed by Balsamo on Russ’ private property.
LSA-R.S. 23:1061 provides, in pertinent part, as follows:
A. (1) Subject to the provisions of Paragraphs (2) and (3) of this Subsection, when any “principal” as defined in R.S. 23:1032(A)(2), undertakes to execute any work, which is a part of his trade, business, or occupation and contracts with any person, in this Section referred to as the “contractor,” for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal, as a statutory employer, shall be granted the exclusive remedy protections of R.S. 23:1032 and shall be liable to |4pay to any employee employed in the execution of the work or to his dependent, any compensation under this Chapter which he would have been liable to pay if the employee had been immediately employed by him.
(2) A statutory employer relationship shall exist whenever the services or work provided by the immediate employer is contemplated by or included in a contract between the principal and any person or entity other than the employee’s immediate employer.
[[Image here]]
B. When the principal is liable to pay compensation under this Section, he shall be entitled to indemnity from any person who independently of this Section would have been liable to pay compensation to the employee or his dependent, and shall have a cause of action therefor.
The trial court held that the work performed at Russ’ private residence was not a part of R & B’s trade, business or occupation. The trial court further held that work Balsamo performed was not contemplated by or included in a contract between Russ and R & B. Thus, the trial court found that no statutory employment relationship existed between Balsamo and R & B, and LWCC was entitled to a summary judgment as a matter of law.
In its reasons for judgment, the trial court also ruled that R & B could assert with specificity, by written brief or motion, any other ground for indemnification within thirty days of the date of the judgment. The record does not reflect that R & B filed a brief or motion in response to the trial court’s suggestion.
On appeal, R & B concedes that neither its “insurance contract” nor its “statutory employment” argument are supportive of its claim. Instead, R & B contends it should be indemnified on grounds “apart from statutory employment.” In sum, R & B admits on appeal that neither theory upon which its claim for indemnification was based supports its case.
15Since R & B has conceded that neither theory of recovery it has alleged is applicable to the facts of this case, then the trial court properly granted the defendant’s motion for summary judgment. R & B failed to produce any evidence to prove that it could satisfy its evidentiary burden at trial. Therefore, no genuine issue of material fact existed and the defendant *1289 was entitled to a judgment as a matter of law.
CONCLUSION
For the above reasons, the trial court’s grant of the summary judgment is affirmed. Costs of this appeal are assessed to appellant, R & B Construction Properties, Inc.
AFFIRMED.

. The record reflects that a preliminary default was entered against Russ; however, the record does not reflect that the preliminary default was ever confirmed.

. No appeal was taken from the judgment of the Office of Workers’ Compensation. Therefore, that judgment became final.